UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HEALTH IN TECH, INC.,

                          Plaintiff,

                -against-

IRONSHORE INDEMNITY INC.,

                        Defendant.
-------------------------------------------------------------------X

**ORDER**

**25-CV-5301 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before this Court is Plaintiff Health in Tech, Inc.'s ("Plaintiff" or "HIT") motion to strike or otherwise decline certain exhibits filed in conjunction with Defendant Ironshore Indemnity Inc.'s ("Defendant" or "Ironshore") motion to compel arbitration at Dkt. No. 9.  Dkt. No. 23.  For the reasons discussed more fully below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**BACKGROUND**

The Court only summarizes the information necessary to resolve the instant motion.

On June 25, 2025, Plaintiff filed a complaint seeking a judicial determination that HIT is not subject to an arbitration clause in a Program Administration Agreement ("PAA") between HIT's subsidiary International Captive Exchange, LLC ("ICE") and Defendant.  Dkt. No. 1.  On August 29, 2025, Defendant filed a motion to compel arbitration ("MTCA") with supporting documents.  See Dkt. Nos. 9–12; 13–

16. In support of its motion, Defendant attached exhibits[1] that were produced in a separate arbitration proceeding between Defendant and Roscommon Insurance Company ("RIC arbitration"). Neither Plaintiff, ICE, nor Plaintiff's subsidiaries were parties in the RIC arbitration proceeding. References to the exhibits in the memorandum, and the exhibits themselves, were filed under seal. See Dkt. Nos. 9–12.

## A. Plaintiff's motion to strike

On September 17, 2025, Plaintiff filed a motion to strike or disregard the Contested Exhibits to Defendant's MTCA. Plaintiff contends that the Contested Exhibits were filed in this action in violation of the RIC arbitration's confidentiality order, which states the following:

> Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, it is agreed and ordered that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents and correspondence created for the arbitration or produced in the proceedings by the opposing party or third-parties, exhibits, the result and all other terms of the final award and any interim decisions, and all correspondence, oral discussion, and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information"), whether generally or specifically, *will be kept confidential and not disclosed or characterized*.

See Dkt. No. 7-2 (emphasis added). Further, Plaintiff asserts that the Contested Exhibits were not subject to any of the enumerated exceptions in the confidentiality order. Dkt. No. 23 at 6–7.

---

[1] See Dkt. Nos. 10-1, 10-2, 12-7, 12-11, 12-15, 12-26, 12-27, 12-28, 12-29, 12-32, 12-33, 12-39, and 12-42 (the "Contested Exhibits").

Plaintiff also moved the Court to disregard an amended arbitration demand between ICE and Defendant on the grounds that this arbitration demand was never served on Plaintiff's counsel nor sent to the arbitration panel. See Dkt. No. 23 at 8.

### B. Defendant's opposition

On September 29, 2025, Defendant filed an opposition to Plaintiff's motion to strike, objecting on multiple grounds. Dkt. No. 38. Defendant argues Plaintiff has no standing to object as a non-signatory to the Confidentiality Order in the RIC arbitration. Defendant further contends that because the Contested Exhibits were filed under seal and because "HIT and RIC are former affiliates, HIT's current CEO is still a RIC shareholder, and both HIT and RIC were represented by the same attorney," there is no legitimate reason to "shield" the Contested Exhibits from the Court. Dkt. No. 38 at 4-5. Defendant also asserts that the evidence is relevant in evaluating Defendant's alter ego theory in its MTCA. While Defendant does not appear to dispute that the Contested Exhibits were in violation of the Confidentiality Order in the RIC arbitration, Defendant argues that the Court should still consider the Contested Exhibits because they could be obtained by discovery or subpoena pursuant to the RIC arbitration confidentiality order. Lastly, Defendant alternatively requests that the Court allow Defendant leave to seek permission pursuant to the Confidentiality Order in the RIC arbitration to cure the deficiency. Dkt. No. 38 at 9.

HIT also opposed Plaintiff's request to exclude from consideration the amended arbitral demand at Dkt. No. 12-17. Defendant concedes that the demand was

inadvertently not served on Plaintiff or ICE but that it was filed.  Dkt. No. 38 at 1, n. 1.

### C. Plaintiff's reply

On October 6, 2025, Plaintiff filed its reply, arguing that it has standing to object on relevance and prejudicial grounds.  Dkt. No. 41.  Plaintiff asserts prejudice because its "counsel had no role in the RIC arbitration and never had access to any of the materials exchanged in that case, so cannot even respond substantively to the Contested Exhibits by, for instance, identifying where they may have been cherry-picked or otherwise taken out of context."  Plaintiff also contends that the Contested Exhibits are irrelevant because they concern the RIC-Ironshore relationship, which is not at issue in this case.

### LEGAL STANDARD

"In reviewing motions to compel arbitration, just as for motions for summary judgment, a court must consider all relevant, *admissible* evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits."  Barrows v. Brinker Rest. Corp., 36 F.4th 45, 50 (2d Cir. 2022) (emphasis added).  While Rule 12(f) of the Federal Rules of Civil Procedure does not allow the Court to strike materials that are not "pleadings," Courts can still "address[] the scope of the evidence that may be considered."  Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 59 n.4 (E.D.N.Y. 2012); see also Bazzelle v. NovoCure Ltd., No. 23 Civ. 5146 (GHW), 2025 WL 843668, at *6 (S.D.N.Y. Mar. 18, 2025) ("'The Court declines to infer from Sierra a general rule that it may strike any

document that [it] 'find[s] improper.'  Still, as it always does, the Court examines Defendants' exhibits to determine whether they are properly considered to resolve this motion to dismiss." (citations omitted)).

## **DISCUSSION**

### **A. Contested Exhibits**

Here, the Court declines to consider the Contested Exhibits for numerous reasons.

First, the Court finds it concerning that Defendant appears to concede that the Contested Exhibits were filed in violation of the Confidentiality Order in the RIC arbitration.  Defendant attempts to justify this violation on a number of grounds.  But Defendant minimizes its conduct and entirely misses the point–Defendant's conduct flouts the authority of the arbitrator and judiciary at large.  See Stafford v. IBM, 78 F.4th 62, 70 (2d Cir. 2023) (noting the "FAA's strong policy in favor of enforcing arbitral confidentiality provisions and the impropriety of counsel's attempt to evade the Agreement by attaching confidential documents to a premature motion for summary judgment").

Significantly, while Defendant acknowledges that the Contested Exhibits *could* have been obtained through proper channels pursuant to the Confidentiality Order, it fails to explain *why* it declined, or why it did not even attempt, to pursue the documents through those channels.  This is not a case where the Contested Exhibits make up a small portion of Defendants' MTCA.  Quite the contrary.  Instead, the Contested Exhibits, as Defendants concede, are very relevant to its alter ego

5

theory in its opening MTCA papers. Dkt. No. 38 at 6. Instead of circumventing the Confidentiality Order in the RIC arbitration, Defendants must, through the proper protocol, seek these documents via consent of the parties or subpoena.

Defendant's decision to ignore proper procedure also prejudices Plaintiff. Defendant contends that Plaintiff "knows everything" in the Contested Exhibits because Plaintiff's officers and senior employers are referenced in the documents. Dkt. No. 38 at 2. However, Plaintiff has represented that "[u]ndersigned counsel had no role in the RIC arbitration and never had access to any of the materials exchanged in that case, so cannot even respond substantively to the Contested Exhibits by, for instance, identifying where they may have been cherry-picked or otherwise taken out of context." Dkt. No. 41 at 2. The Court agrees, and finds that Plaintiff is prejudiced because it was not afforded an opportunity to examine the full set of documents before meaningfully responding to Defendant's MTCA.

Defendant requests that in the alternative, the Court grant Defendant leave to obtain permission to file the Contested Exhibits to cure the deficiency. But as discussed *supra*, the damage has already been done—Plaintiff has been prejudiced because it cannot meaningfully respond to Defendant's arguments without access to the full record.

### B. Amended Arbitration Demand

Plaintiff also requests that the Court decline to consider Dkt. No. 12-17, which is an Amended Arbitration Demand between Defendant and ICE on the grounds that it was never served on Plaintiff's counsel or sent to the arbitration panel. Dkt. No.

23. Defendant responds that the amended demand was filed in the ICE/Ironshore arbitration but inadvertently not served on Plaintiff or ICE, and that there were no substantive changes to the original demand (see Dkt. No. 1-1). Dkt. No. 38 at 1, n. 1. Because the amended demand was filed in the ICE/Ironshore arbitration, the Court finds that it is appropriate to consider the arbitration demand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike is **DENIED** as to the Amended Arbitration Demand at Dkt. No. 12-17 but **GRANTED** as to the Contested Exhibits. As such, the Court will not consider the Contested Exhibits in its forthcoming Report and Recommendation on the MTCA. However, Defendant is **GRANTED** leave to withdraw its MTCA and refile a new MTCA once Defendant goes through the appropriate procedures to obtain the Contested Exhibits in the RIC arbitration. Defendant has until **March 23, 2026** to notify the Court whether it intends to move forward or withdraw its current MTCA.

In the event Defendant decides to file a second motion to compel, the Court **GRANTS** Plaintiff leave to file a motion for attorney's fees related to briefing the motion to compel arbitration at Dkt. No. 13 due to the multiple rounds of briefing on the same issue because of Defendant's noncompliance with the RIC arbitration confidentiality order.

**The Clerk of Court is respectfully requested to close Dkt. No. 23.**

SO ORDERED.

DATED:    New York, New York
          March 17, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

8